

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1279-19

### RAMIRO CASTILLO-RAMIREZ, Appellant

### v.

### THE STATE OF TEXAS

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FOURTH COURT OF APPEAL
### STARR COUNTY

**RICHARDSON, J., delivered the opinion of a unanimous Court.**

## O P I N I O N

Appellant was convicted of sexually assaulting a seventy-one-year-old complainant

in her own home. The Fourth Court of Appeals reversed and remanded for new trial after

finding egregious harm based upon jury charge error.[1] We agree with the Fourth Court of

---

[1] *Castillo-Ramirez v. State*, No. 04-18-00514-CR, 2019 WL 3937270, at *3 (Tex. App.—
San Antonio 2019) (not designated for publication).

Appeals that the jury charge application paragraph was erroneous. However, we do not agree, on these specific facts, that such error caused egregious harm. We therefore reverse the opinion of the Fourth Court of Appeals and affirm the judgment of the trial court.

**Facts**

Complainant, G.A., testified that she was a 71 year-old retired teacher who occasionally hired Appellant to do odd jobs around her house.[2] G.A. began a consensual sexual relationship with Appellant because she was lonely. However, G.A. terminated the relationship when she learned that Appellant made a bet with another man to win $200 if he could sleep with her. G.A. also testified to a previous violent encounter that resulted in a protective order against Appellant. However, G.A. admitted that she never sought to enforce it even though she continued to have contact with Appellant.

G.A. testified that, on the morning of July 29, 2016, she was watering her plants when Appellant arrived on a bicycle asking for a job. G.A. asked him to help her move several items of furniture from her mother's house less than a mile away. Following a break for lunch, G.A. went into her home to get some water while Appellant was outside. While in the kitchen, G.A. saw Appellant in her bedroom and said, "You're not supposed to be in here." Appellant then came into the kitchen and tried to grab her. G.A. pushed him away

---

[2] We refer to the complainant in this case as "Complainant" and the pseudonym "G.A." instead of by her actual name as a means of preserving her privacy. *See* TEX. CODE CRIM. PROC. ch. 58 ("Confidentiality of Identifying Information and Medical Records of Certain Crime Victims").

to which Appellant responded, "No one pushes me." G.A. tried to run away. Appellant grabbed her around the waist from behind and pushed her into her bedroom. Once there, Appellant threw her onto the bed. G.A. fled to the other side of the bed. G.A. grabbed a small dish on top of a nearby dresser and hit him on the head with it. Yelling a vulgar term at her, Appellant then pushed her so that G.A.'s head was trapped under the bed. Appellant took off his clothes.[3] Then, Appellant forcefully took off her clothes while G.A. begged Appellant to let her up.

G.A. testified that Appellant then picked her up and threw her onto the bed face down. G.A. testified that Appellant then anally raped her by penetrating her with his sexual organ. G.A. reported the incident, and a SANE nurse ("Sexual Assault Nurse Examiner") examined and documented G.A.'s injuries and collected samples from her.

Appellant was arrested sometime that same evening hiding in a vacant lot that separated his residence from G.A.'s residence. He was indicted for aggravated sexual assault of an elderly individual. The indictment alleged as follows:

> THE GRAND JURY OF STARR COUNTY, TEXAS, duly selected, empanelled, sworn, charged, and organized at the JULY 2016 TERM of the 381st DISTRICT COURT for STARR COUNTY, upon their present oaths present to said COURT that, RAMIRO CASTILLO RAMIREZ, defendant, on or about the 29th day of July 2016, and before the presentment of this indictment, in Starr County, Texas did then and there intentionally or knowingly cause the penetration of the anus of [Complainant], a person who was then and there an elderly individual, by defendant's sexual organ, without the consent of the said [Complainant],
>
> AGAINST THE PEACE AND DIGNITY OF THE STATE.

---

[3] Complainant's later testimony provided Appellant's actual statement in Spanish.

Appellant was convicted of aggravated sexual assault as charged in the indictment.

## The Key Parts of the Jury Charge

The jury charge defined the offense of aggravated sexual assault as follows:

> A person commits an offense if the person intentionally or knowingly causes the penetration of the anus of a person by any means.

The *application* paragraph of the jury charge that authorizes the finding of guilt beyond a reasonable doubt, stated as follows:

### Application of Law to Facts

You must determine whether the state has proved, beyond a reasonable doubt, three elements. The elements are that—

1. The defendant, in Starr County, Texas, on or about the 29th day of July, 2016, caused the penetration of the anus of [G.A],

2. [G.A.] was a person 65 years of age or older,

3. The penetration was without [G.A.'s] consent

If you all agree the state has failed to prove, beyond a reasonable doubt, one or more of elements 1, 2 and 3 listed above, you must find the defendant "not guilty." If you all agree the State has proved, beyond a reasonable doubt, each of the three elements listed above, you must find the defendant "guilty."

## Jury Charge Error

Appellant appealed his conviction to the Fourth Court of Appeals. The court of appeals reversed his conviction based on jury charge error:

4

Here, the indictment alleged Ramirez penetrated the complainant's anus with his sexual organ, while the jury charge allowed the jury to convict Ramirez if it found that Ramirez had penetrated the complainant's anus "by any means." … The jury charge enlarged the offense alleged and authorized the jury to convict Ramirez on a different theory than the one that was alleged in the indictment. Although the jury charge properly quoted the controlling statute, it did not properly quote the elements of the controlling statute as modified by the indictment. . . . In this case, the State chose to only plead penetration by means of Ramirez's sexual organ. Because the State only pled this single manner and means of penetration, it may not rely on any other manner and means of committing the crime that it did not plead in the charging instrument. Therefore, we hold the trial court erred when it improperly broadened the indictment with a jury charge that authorized the jury to convict Ramirez of aggravated sexual assault for penetrating the complainant's anus without her consent by any means.[4]

The jury charge application paragraph did not specifically limit the manner of means of penetration of the anus as "by defendant's sexual organ," which is what is charged in the indictment. Therefore, we agree with the court of appeals's conclusion that the trial court erred.

However, because we do not agree on the appellate court's harm analysis, we reverse.

## Harm Analysis

We have previously said "[n]ot all jury-charge errors require reversal."[5] When the jury-charge error is preserved by timely objection, reversal is required "as long as the error

---

[4] *Castillo-Ramirez v. State*, No. 04-18-00514-CR, 2019 WL 3937270, at *2 (Tex. App.—San Antonio 2019) (not designated for publication).

[5] *Reeves v. State*, 420 S.W.3d 812, 816 (Tex. Crim. App. 2016).

is not harmless."[6] Conversely, if no proper objection was made at trial, the appellant will obtain reversal if the error is so egregious and created such harm that he "has not had a fair and impartial trial."[7] "An egregious harm determination must be based on a finding of actual rather than theoretical harm."[8] We have said in the past that errors that result in egregious harm "are those that affect 'the very basis of the case,' 'deprive the defendant of a valuable right,' or 'vitally affect a defensive theory.'"[9] "This is a high and difficult standard which must be borne out by the trial record."[10] Whether unpreserved jury-charge error affected an accused's right to a fair and impartial trial "must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of the probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole."[11] As this Court stated in *Almanza*:

> But in determining whether the error is material . . . we are to look to the whole record bearing upon the subject. What was the nature of the testimony supporting the verdict? Was it cogent and overwhelming? What was the character of the testimony presenting the phase or theory of the case omitted to be noticed in the charge, and upon which omission error is assigned? Was

[6] *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (on reh'g).

[7] *Id.*

[8] *Arrington v. State*, 451 S.W.3d 834, 840 (Tex. Crim. App. 2015) (quoting *Cosio v. State*, 353 S.W.3d 766, 777 (Tex. Crim. App. 2011)).

[9] *Ngo v. State*, 175 S.W.3d 738, 750 (Tex. Crim. App. 2005) (quoting *Hutch v. State*, 922 S.W.2d 166, 171 (Tex Crim. App. 1996)).

[10] *Reeves v. State*, 420 S.W.3d 812, 816 (Tex. Crim. App. 2016).

[11] *Almanza*, 686 S.W.2d at 171 (on reh'g); *Allen v. State*, 253 S.W3d 260, 264 (Tex Crim. App. 2019).

it at all reasonable? Did it present a theory which a reasonable mind could entertain, or was it supported by such testimony as was remotely calculated to destroy the State's case when considered in connection with the other testimony in the case, as well as the charge as a whole? Was the phase of the case simply an addition to the case as made by the State and consistent therewith, or was it in direct conflict with the State's theory? These are all important matters to be considered in passing upon the [degree of harm] in the omission or error . . . .[12]

Although there was error in the jury charge, under the facts of this case and based on our review of the record, we do not find egregious harm.

*The Opening Statement*

The State declared during its opening statements that it expected to present evidence showing:

(1) Complainant's testimony that her anus was penetrated by Appellant's penis without her consent;

(2) Juan Deleon Martinez Bautista's testimony that he heard Appellant bragging to others about committing the sexual assault as alleged in the indictment; and

(3) the testimony of the SANE nurse who examined the Complainant and would corroborate the physical injuries consistent with Complainant's accounting of the rape.

*The Evidence Presented to the Jury*

G.A. was called to the stand as the first witness for the State. The Complainant's testimony supports the State's charge that Appellant penetrated her anus with his sexual organ. She did not testify that he penetrated her anus by any other means. There was in

---

[12] *Almanza*, 686 S.W.2d at 173–74 (on reh'g) (quoting *Davis v. State*, 13 S.W. 994, 995 (Ct. App. 1890)).

fact no evidence that there was any penetration of her anus by any means other than Appellant's sexual organ.

The State also called to the stand Veronica Flores, the S.A.N.E. nurse, who conducted a head-to-toe forensic examination at the hospital. Flores testified that Complainant's accounting of events as recorded in the "History" portion of her S.A.N.E. report was consistent with the injuries she observed. Complainant's accounting in the report was also consistent with her testimony on the stand.

Flores testified that she observed injuries on G.A.'s head, torso, and arms. These injuries included redness, swelling, abrasions, discoloration due to bruising, and even a puncture wound on one of the arms. Flores also testified to an examination of Complainant's anus and vaginal area. She documented multiple lacerations or abrasions on the anus.

As further corroboration of the State's theory, the State called Juan Deleon Martinez Bautista to the stand, a resident of the nearby town of San Isidro. Per his testimony, Bautista was working at Lane's Meat Market late in the day on July 29, 2016, when he saw Appellant enter the store to buy beer. Bautista testified that, while paying for his purchase, Appellant exclaimed that he was going to jail because he had just anally sexually assaulted G.A. Following this exchange, Appellant completed the transaction and left the store.

At the conclusion of the trial, the court excused the jury and held a charge conference. Defense counsel did not object to the wording of the application paragraph.

During closing arguments, there was no reference by either side that there was penetration of the anus by any means other than by Appellant's sexual organ.

Looking at the record as a whole and under the facts of this case, we hold Appellant did not suffer egregious harm such that "he [did not have] a fair and impartial trial."[13] Despite the erroneous jury charge, the evidence adduced at trial did not support nor allow a conviction for penetration of the anus by any means other than by Appellant's sexual organ. The State's evidence overwhelmingly paralleled its opening statement detailing the State's theory of the case. This in turn remained entirely within the scope of the indictment—that Appellant penetrated Complainant's anus via his sexual organ. The State argued this theory of the case during both portions of its closing argument.

## **Conclusion**

We find it clear from a review of the whole record that the charge error here neither "depriv[ed] [Appellant] of a valuable right," nor "vitally affect[ed] a defensive theory."[14] In other words, Appellant received a fair and impartial trial as shown under this record.[15] Because we find no egregious harm, we reverse the court of appeals and affirm the trial court.

---

[13] *Almanza*, 686 S.W.2d at 171 (on reh'g).

[14] *Ngo v. State*, 175 S.W.3d 738, 750 (Tex. Crim. App. 2005) (quoting *Hutch v. State*, 922 S.W.2d 166, 171 (Tex Crim. App. 1996)).

[15] *Almanza*, 686 S.W.2d at 171 (on reh'g).

Delivered: June 28, 2023

DO NOT PUBLISH